**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Stephen SACCOCCIA, Defendant–Appellant.**

No. 93–50624.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 3, 1994.

Decided March 11, 1994.

---

Robert D. Luskin and Beth M. Bollinger, Comey Boyd & Luskin, Washington, D.C.; Stephen J. Finta, Fort Lauderdale, Florida, for the defendant-appellant.

Robert S. Calo and George S. Cardona, Assistant United States Attorneys, Los Angeles, California, for the plaintiff-appellee.

Before: GOODWIN and HALL, Circuit Judges, and TANNER, District Judge.[*]

CYNTHIA HOLCOMB HALL, Circuit Judge:

Stephen A. Saccoccia was indicted for aiding and abetting the laundering of drug proceeds in violation of 18 U.S.C. §§ 2 and 1957. Saccoccia appeals the district court's order denying his motion to dismiss his indictment for violations of both the Double Jeopardy Clause of the Fifth Amendment and the Swiss–American Treaty under which he was extradited. We affirm the district court's ruling that Saccoccia's prosecution in California does not violate the Double Jeopardy Clause and remand the case for trial. The extradition issues raised by Saccoccia are not subject to interlocutory review and therefore we dismiss that portion of his appeal.

## I.

### Background

Appellant Stephen A. Saccoccia participated in a money laundering operation which laundered in excess of $135 million in narcotics proceeds for Colombian drug cartels. Saccoccia was the ring leader of the enterprise, which involved several organizations located in New York, Los Angeles, and Rhode Island.

Saccoccia was tried and convicted with several codefendants in the district of Rhode Island for conspiring to violate the Racketeer Influenced and Corrupt Organizations laws ("RICO") (18 U.S.C. § 1962(d)) and several other substantive charges, including illegal monetary transactions (18 U.S.C. § 1957), money laundering (18 U.S.C. § 1956) and Travel Act violations (18 U.S.C. § 1952). On May 13, 1993, he was sentenced by the Rhode Island district court to 660 years in prison and ordered to pay a $15,700,000 fine.

Immediately after his sentencing in Rhode Island, Saccoccia was returned to California for a second trial. In the First Superseding Indictment which is the subject of this appeal ("California indictment or prosecution"), Saccoccia is charged with aiding and abetting codefendants Masino and Messer to launder funds in violation of 18 U.S.C. §§ 2 and 1957, and is named as an unindicted coconspirator in the overarching conspiracy. Saccoccia is also named, together with his codefendants, in a forfeiture count (18 U.S.C. § 982) which seeks criminal forfeiture of various funds and assets of the enterprise.

Saccoccia filed a motion to dismiss the California indictment on the grounds that his prosecution violates both the Double Jeopardy Clause of the Fifth Amendment and the Swiss–American Treaty under which he was extradited.[1] The California district court denied his motion and this interlocutory appeal followed.

The district court had jurisdiction over Saccoccia's challenges pursuant to 18 U.S.C. § 3231. We have jurisdiction over the double jeopardy issues pursuant to 28 U.S.C. § 1291. *See Abney v. United States,* 431 U.S. 651, 662, 97 S.Ct. 2034, 2041–42, 52 L.Ed.2d 651 (1977). The parties dispute whether appellate jurisdiction exists over the extradition issues.

## II.

### Double Jeopardy Claims

The Double Jeopardy Clause of the Fifth Amendment provides: "[N]or shall any

---

[*] The Honorable Jack E. Tanner, Senior District Judge for the Western District of Washington, sitting by designation.

1. Saccoccia was in Switzerland at the time that both the Rhode Island and the California indictments were returned.

person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Under this clause, a defendant is protected from both successive prosecutions and multiple punishments for the same criminal offense. *See North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). Saccoccia claims that the California indictment violates both of these double jeopardy protections. The district court's denial of a motion to dismiss on double jeopardy grounds is reviewed de novo. *United States v. Lun*, 944 F.2d 642, 644 (9th Cir.1991).

### A. Multiple Prosecutions

Saccoccia initially argues that the California indictment violates the Double Jeopardy Clause's prohibition against trying an individual twice for the same offense. More specifically, he contends that the Double Jeopardy Clause prohibits the government from prosecuting a defendant for conspiracy and related substantive offenses, and then prosecuting other related substantive offenses at a successive trial. We disagree.

■ A substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes. *United States v. Felix*, —— U.S. ——, ——, 112 S.Ct. 1377, 1384, 118 L.Ed.2d 25 (1992). Accordingly, the government may prosecute successively a conspiracy and the substantive offenses it encompasses. *Id.* This rule has been interpreted to allow prosecution of a defendant once for a RICO conspiracy and thereafter for the predicate offenses constituting a pattern of racketeering activity. *See United States v. Esposito*, 912 F.2d 60, 65 (3rd Cir.1990), *cert. dismissed*, 498 U.S. 1075, 111 S.Ct. 806, 112 L.Ed.2d 1032 (1991); *United States v. Grayson*, 795 F.2d 278, 282 (3rd Cir.1986), *cert. denied*, 479 U.S. 1054, 107 S.Ct. 927, 93 L.Ed.2d 978 (1987). Thus, the Double Jeopardy Clause is not violated by prosecuting Saccoccia on the Rhode Island RICO conspiracy count and then later in California for related substantive offenses.[2]

■ Saccoccia also argues that the Rhode Island substantive counts and the California substantive counts are the same offense for double jeopardy purposes. In *Felix*, the Supreme Court held that the initial substantive charge of attempting to manufacture methamphetamine and the subsequent substantive charges relating to methamphetamine manufacturing and distribution were not the same offense for double jeopardy purposes even though they formed part of a single conspiracy. *Felix*, —— U.S. at ——, 112 S.Ct. at 1382. Saccoccia asserts that this holding was based solely on the Court's observation that the substantive offenses charged in the second prosecution were "different in both time and place" and were not linked by "common conduct" to the substantive offenses charged in the initial prosecution. Saccoccia argues that the negative implications of *Felix* dictate that the California charges here are barred because of their close link to the Rhode Island charges for which he has already been tried. This argument is without merit.

Saccoccia is correct in asserting that there is more "common conduct" linking the alleged offenses here than there was in *Felix*. In the instant case, the same overarching conspiracy is involved; the same method of handling the funds is alleged; the same co-conspirators are implicated; and the purpose of the money transactions—to launder drug money—is the same. Further, it appears that the government's proof regarding the source of the funds and Saccoccia's knowledge of their illicit nature will be the same.

■ Despite this considerable overlap, the Double Jeopardy Clause does not bar the California prosecution. The Supreme Court has made clear that mere overlap in proof between two prosecutions does not violate the Double Jeopardy Clause. *See id.* at

---

**2.** In *Felix*, the Supreme Court held that a prior prosecution for attempting to manufacture methamphetamine did not bar a subsequent prosecution for conspiracy to manufacture, possess, and distribute methamphetamine. The Court reached this holding despite the fact that two of the nine overt acts supporting the subsequent conspiracy charge were based on the same conduct that had been the subject of the prior prosecution. *See Felix*, —— U.S. at —— – ——, 112 S.Ct. at 1384–85.

——, 112 S.Ct. at 1382; *United States v. Dixon,* —— U.S. ——, —— – ——, 113 S.Ct. 2849, 2860–64, 125 L.Ed.2d 556 (1993). Further, while the substantive charges in Rhode Island and California are indisputably related, they involve distinct transactions occurring at different times in different venues. In the Rhode Island indictment, the §§ 1956 and 1957 money laundering counts involved wire transfers in 1990 from a Rhode Island bank, while the § 1952 Travel Act counts involved shipments of money and checks from New York to Rhode Island or Los Angeles. In contrast, the § 1957 counts that are the subject of the California prosecution involve wire transfers in the summer and fall of 1991 out of Los Angeles bank accounts. We therefore reject Saccoccia's argument that the California indictment violates the Double Jeopardy Clause's prohibition against multiple prosecutions for the same offense.

### B. Multiple Punishments

Saccoccia next argues that the California prosecution violates the Double Jeopardy Clause's prohibition against multiple punishments for the same offense because the sentence imposed by the Rhode Island district court was based on conduct charged in the California indictment.

▆ As an initial matter, we must determine whether the Rhode Island sentence was, in fact, based on conduct charged in the California indictment.[3] The Rhode Island district court increased Saccoccia's offense level by thirteen points by determining that he was responsible for $137 million of wire transactions pursuant to the relevant conduct provisions of United States Sentencing Guideline § 1B1.3. If this increase was not based on conduct charged in the California indictment, then the later prosecution is obviously not barred by the Double Jeopardy

Clause. *See United States v. McCormick,* 992 F.2d at 439–40. In denying Saccoccia's motion to dismiss, the California district court stated:

> First, it is clear from both Judge Torres' written opinion on the forfeiture count and his comments at the sentencing hearing that he did not consider any money laundering acts committed by Saccoccia *after* April 2, 1991 as "related acts" in his sentencing decision. By contrast, all of the substantive counts alleged against Saccoccia in the California indictment occurred after April 2, 1991.

We agree with the district court's finding and thus reject Saccoccia's double jeopardy claim.

The record amply supports the conclusion that the Rhode Island sentence was not based on conduct charged in the California indictment. The government's position to the probation department was that $137 million was laundered between January 1, 1990 and April 2, 1991. Saccoccia's presentence report accepted the dates and monetary amount proffered by the government. At sentencing, the Rhode Island district court stated that the probation department was correct in including the $137 million as relevant conduct under Sentencing Guideline § 1B1.3. Further, in the Judgment and Commitment Order, the district court specifically adopted the factual findings and guideline application contained in the presentence report. This indicates that the $137 million calculated as relevant conduct was limited to transactions occurring between January 1, 1990 and April 2, 1991. Because all the California counts involved conduct occurring after April 2, 1991, we conclude that the transactions underlying these counts were not included as relevant conduct by the Rhode Island district court.[4]

---

3. Because of our conclusion that the Rhode Island sentence was not based on conduct charged in the California indictment, we need not address Saccoccia's argument that the Double Jeopardy Clause bars prosecuting him for conduct that has already formed the basis for punishment imposed in a prior prosecution. *See United States v. McCormick,* 992 F.2d 437, 438–39 (2nd Cir. 1993) (concluding that where conduct has already been used to determine a defendant's offense level under the Sentencing Guidelines, a

subsequent prosecution of that conduct in a separate indictment violates the Double Jeopardy Clause); *United States v. Koonce,* 945 F.2d 1145, 1149–50 (10th Cir.1991) (same), *cert. denied,* —— U.S. ——, 112 S.Ct. 1695, 118 L.Ed.2d 406 (1992).

4. This conclusion is further supported by the Rhode Island district court's written opinion addressing the government's forfeiture claims, which found that Saccoccia wired $136,344,-

In urging a contrary result, Saccoccia contends that the $137 million was the reasonably foreseeable amount attributable to the entire RICO conspiracy, including the transfers that formed the basis of the California counts. It is true that the charging language of the RICO conspiracy count expressly includes post-April 2, 1991 transfers from a Los Angeles account.[5] Further, Appendix A of the Fourth Redacted Indictment identifies, as overt acts of the single RICO conspiracy, transactions occurring out of Los Angeles later than April 2, 1991. There is also language in the presentence report and comments made by the Rhode Island district court at sentencing that link the $137 million amount to the entire conspiracy.

Additionally, Saccoccia argues that he was sentenced in accordance with the Sentencing Guidelines and thus the Rhode Island district court was required to consider all acts committed during, in preparation for, or in furtherance of the offense of conviction. U.S.S.G. § 1B1.3(a)(1). Because the transactions underlying the California counts were part of the "same course of conduct or common scheme", the Guidelines direct that they be included as relevant conduct in determining Saccoccia's offense level. The presumption that the Guidelines were correctly applied further supports Saccoccia's claim that his sentence was based on conduct charged in the California indictment.

However, none of the evidence presented by Saccoccia is sufficient to overcome the clear implication of the Rhode Island district court's statements that the $137 million was based only on transactions occurring between January 1, 1990 and April 2, 1991. Accordingly, we find that Saccoccia's sentence was not based on conduct charged in the Califor-

nia indictment and thus the Double Jeopardy Clause does not bar the California prosecution.

## III.

### Extradition Claims

Saccoccia argues that the government violated the American–Swiss Extradition Treaty by: 1) proceeding with the forfeiture count despite its violation of both the doctrine of specialty and the doctrine of dual criminality;[6] and 2) manipulating the charges against him to secure his extradition, thereby violating the Treaty's requirement that the requesting nation provide "an accurate statement of the offense charged". Because all of Saccoccia's claims represent challenges to the district court's jurisdiction, we decline to exercise jurisdiction over the interlocutory appeal of these extradition issues.

Interlocutory appeals are disfavored in our judicial system, particularly in the criminal context. See United States v. MacDonald, 435 U.S. 850, 853, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978); United States v. Layton, 645 F.2d 681, 682 (9th Cir.), cert. denied, 452 U.S. 972, 101 S.Ct. 3128, 69 L.Ed.2d 984 (1981). For a pre-trial order to be immediately appealable, it must involve a right not to be tried as opposed to a right not to be convicted. Flanagan v. United States, 465 U.S. 259, 266–67, 104 S.Ct. 1051, 1055–56, 79 L.Ed.2d 288 (1984). The party's claim must be grounded on a right which will be "lost, probably irreparably" if interlocutory appeal is not permitted. Layton, 645 F.2d at 683 (quoting Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225,

231.86 between January 1, 1990 and April 2, 1991.

5. The parties dispute whether Saccoccia was brought to trial in Rhode Island under the First Redacted Superseding Indictment or the Fourth Redacted Superseding Indictment. However, as pointed out by Saccoccia, the government did not alter the charging language of the RICO conspiracy count, which alleged that post-April 2, 1991 conduct in California was part of the conspiracy.

6. Dual criminality requires that an accused be extradited only if the alleged criminal conduct is

considered criminal under the laws of both the surrendering and requesting nations. The doctrine of specialty prevents the requesting nation from prosecuting the extradited person for any offenses other than those upon which the surrendering country agreed to extradite. See United States v. Khan, 993 F.2d 1368, 1372, 1373 (9th Cir.1993). Both of these doctrines are incorporated in the American–Swiss Treaty under which Saccoccia was extradited. See Treaty of Extradition, May 14, 1900, U.S.–Switz., Arts. II, IX, 31 Stat. 1928, 1929, 1932.

93 L.Ed. 1528 (1949)).[7] We may reach the extradition issues raised by Saccoccia only if his claims meet these tests.

Courts have uniformly held that challenges to district court jurisdiction can be fully vindicated on post-judgment appeal and are thus not subject to interlocutory appeal. *See United States v. Levy,* 947 F.2d 1032, 1034 (2nd Cir.1991) (personal jurisdiction challenged under doctrine of specialty); *United States v. Sorren,* 605 F.2d 1211, 1213–15 (1st Cir.1979) (same); *Layton,* 645 F.2d at 683 (subject matter jurisdiction). Here, all of the extradition issues raised by Saccoccia represent challenges to the district court's jurisdiction. Saccoccia admits as much in his Opening Brief, stating that when the government violates the terms of a treaty, the defendant is entitled to dismissal for lack of jurisdiction. Further, courts have consistently analyzed alleged extradition treaty violations as jurisdictional challenges.[8] *See United States v. Alvarez–Machain,* —— U.S. ——, ——, 112 S.Ct. 2188, 2190, 119 L.Ed.2d 441 (1992) (deciding whether alleged violation of an extradition treaty divested the district court of jurisdiction); *SEC v. Eurobond Exchange, Ltd.,* 13 F.3d 1334, 1336 (stating that "[t]he purpose of the extradition process is to obtain a court's personal jurisdiction over a defendant"). This includes alleged violations of the doctrines of dual criminality and specialty. *See United States v. Merit,* 962 F.2d 917, 918 (9th Cir.), *cert. denied,* —— U.S.

——, 113 S.Ct. 244, 121 L.Ed.2d 178 (1992) (upholding district court jurisdiction because defendant's extradition did not violate the doctrines of dual criminality or specialty); *Levy,* 947 F.2d at 1034 (holding that the doctrine of specialty is a jurisdictional limitation because it "does not guarantee a right not to be tried, but rather a right to be protected from a court's authority"). We conclude that the extradition issues raised by Saccoccia are jurisdictional in nature and capable of full vindication on post-judgment appeal. Therefore, we decline to reach the merits of these extradition issues on interlocutory appeal.

## IV.

### Conclusion

The district court's ruling that Saccoccia's prosecution in California does not violate the Double Jeopardy Clause is affirmed, and the case is remanded to the district court for trial. In all other respects, the appeal is dismissed.

---

7. Thus far, the Supreme Court has only allowed interlocutory appeals from orders involving alleged violations of the Double Jeopardy Clause, *see Abney,* 431 U.S. at 662, 97 S.Ct. at 2041–42, or the Speech or Debate Clause, *see Helstoski v. Meanor,* 442 U.S. 500, 508, 99 S.Ct. 2445, 2449, 61 L.Ed.2d 30 (1979), and orders denying bail, *see Stack v. Boyle,* 342 U.S. 1, 6, 72 S.Ct. 1, 4, 96 L.Ed. 3 (1951).

8. In arguing that the alleged treaty violations are not merely jurisdictional, Saccoccia correctly asserts that several courts have spoken in terms of an extradited defendant's right not to be *prosecuted* in violation of a treaty. *See United States v. Rauscher,* 119 U.S. 407, 419, 7 S.Ct. 234, 240, 30 L.Ed. 425 (1886) (deciding whether American-Great Britain Treaty prohibited defendant's prosecution for a crime other than the crime for which he had been extradited); *Khan,* 993 F.2d at 1373 (characterizing doctrine of specialty as a prohibition on requesting nation's right to prosecute extradited defendant). However, Saccoccia

cites no authority actually permitting interlocutory review of any of the extradition issues raised on this appeal.

Saccoccia's argument that he has a right not to be prosecuted also relies on the language of the American–Swiss Treaty, which states "[n]o person surrendered by either of the Contracting States to the other shall be *prosecuted or punished* for any offense committed before the demand for extradition, other than that for which the extradition is granted. . . .". Treaty of Extradition, May 14, 1900, U.S.-Switz., Art. IX, 31 Stat. 1928, 1932 (emphasis added). However, we have previously held that Article IX, which incorporates the doctrine of specialty into the American–Swiss Treaty, merely represents a challenge to a district court's personal jurisdiction. *See SEC v. Eurobond Exchange, Ltd.,* 13 F.3d 1334, 1336 (9th Cir.1994). *See also Levy,* 947 F.2d at 1032; *Sorren,* 605 F.2d at 1211.