**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John That LUONG, aka Ah Sing,**
**Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Hoang Ai Le, Defendant–Appellant.**

**Nos. 03–10080, 03–10091.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 1, 2004.

Filed Dec. 23, 2004.

Richard B. Mazer, San Francisco, CA, for defendant-appellant Luong.

George C. Boisseau, Santa Rosa, CA, for defendant-appellant Le.

William S. Wong, Assistant United States Attorney, Sacramento, CA, for the plaintiff-appellee.

Before: CANBY, RYMER, and HAWKINS, Circuit Judges.

RYMER, Circuit Judge:

■ This appeal requires us to decide whether conviction (or acquittal) on RICO conspiracy and substantive charges bars subsequent prosecution for a predicate act when the predicate act is itself a conspiracy.[1]

Hoang Ai Le and John That Luong appeal the district court's order denying their motion to dismiss the indictment for conspiracies to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) on grounds of double jeopardy.[2] They had previously been prosecuted on RICO charges that included a conspiracy to commit Hobbs Act robberies as a predicate act. In *United States v. Saccoccia*, 18 F.3d 795, 798 (9th Cir.1994), we held that a defendant may be prosecuted for a RICO conspiracy and later for the predicate offenses that constituted a pattern of racketeering activity. We now conclude that the same rule applies when the predicate offense is a conspiracy. As we have jurisdiction over this interlocutory appeal, 28 U.S.C. § 1291; *Abney v. United States*, 431 U.S. 651, 659, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), we affirm.

I

Luong, Le, and seventeen others were indicted in the Northern District of California and tried on charges of conducting the affairs of a racketeering enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c) (Count One), and of conspiring to do so in violation of § 1962(d) (Count Two). *United States v. John That Luong, et al.*, CR–96–0094–MHP. Count One of the superseding indictment accused Le and Luong of running an enterprise devoted to robbing computer chip companies and dealing in heroin through a pattern of fifteen racketeering acts. Racketeering Act One described a conspiracy to commit Hobbs Act robberies of various computer chip companies from January 1, 1995 to April 9, 1996 in California, Oregon, and Minnesota. Count Two, the RICO conspiracy charge, incorporated the same racketeering acts and identified 54 overt acts involving computer chip companies that were targets of the racketeering activity. Luong was convicted of both RICO offenses (as well as nine other crimes) and sentenced to 1058 months imprisonment. Le was acquitted

---

1. The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962(c) (substantive offense) and (d) (conspiracy).

2. 18 U.S.C. § 1951(a) is part of the Hobbs Act, which prohibits robbery or extortion, or an attempt or conspiracy to rob or extort, causing the obstruction or delay of, or an effect upon, interstate commerce.

of the substantive RICO charge, but convicted on RICO conspiracy and four other counts. He was sentenced to 240 months in custody.

A nine-count indictment was then returned against Le, Luong, and five others in the Eastern District of California. Both Le and Luong were charged with conspiring to commit a January 25, 1996 robbery affecting interstate commerce of Phnom Pich Jewelry Store in Stockton, California, and a January 20, 1996 Hobbs Act robbery of Diamond Flower Electric Instruments (DFI) in Sacramento.

Le moved to dismiss the two conspiracy counts and related firearms counts on double jeopardy and collateral estoppel grounds. Luong joined.[3] The district court denied the motion, reasoning that Counts One and Two of the Northern District indictment did not charge Le with conspiracy to commit Hobbs Act robberies; rather, those counts charged Le with committing a RICO violation through a pattern of racketeering activity of which conspiracy to commit Hobbs Act robberies was but one of the fifteen predicate acts. Relying on *Saccoccia*, the court held that it was not impermissible for Le to be successively prosecuted for the offense of racketeering and for the offense of conspiracy to commit the Phnom Pich and DFI robberies in violation of the Hobbs Act. Similarly, the district court concluded that Le had not improperly been subjected to multiple punishment because the punishment in connection with the Northern District indictment was for the offense of racketeering, not the offense of conspiring to com-

mit Hobbs Act robberies. Finally, the court found that Le had failed to carry his burden of identifying issues litigated in the Northern District action that were identical to issues raised in the DFI conspiracy and firearms counts and thus, no basis appeared upon which to collaterally estop the government on those charges.

Both Le and Luong have timely appealed.

## II

The heart of Le's argument is that the RICO charge on which he was acquitted, and the RICO conspiracy for which he was convicted, in the Northern District included an overall Hobbs Act conspiracy to rob computer companies and others of which the DFI and Phnom Pich robbery conspiracies were a part. Put differently, he contends that the Eastern District indictment improperly charges separate conspiracies to commit Hobbs Act robberies which are actually part of the same overall conspiracy charged in the Northern District indictment. For this reason, he submits, this case is controlled by *United States v. Stoddard*, 111 F.3d 1450 (9th Cir.1997), where we held that double jeopardy barred the government from charging a conspiracy resulting from the same agreement on which the defendant had already been prosecuted, rather than by *Saccoccia*.

Le acknowledges that the government may prosecute a RICO conspiracy and a predicate act successively. We so held in *Saccoccia*. 18 F.3d at 798(citing *United*

---

**3.** Luong was also charged on counts involving a conspiracy to rob DFI on December 22, 1995 and Amador Systems International, a computer equipment dealer in Sacramento on January 17, 1996. Luong joined in Le's motion to dismiss, but filed a second joinder in which he moved for dismissal of these counts as well. The district court discussed only Le's

motion in its order, but nothing in the record suggests that the analysis would be different with respect to the Amador and December 22 DFI conspiracies. We therefore consider them as bound up in our discussion of the Phnom Pich and January 20 conspiracies, and we also refer to Luong and Le collectively as "Le" unless context otherwise requires.

*States v. Esposito,* 912 F.2d 60, 65 (3d Cir.1990)); *see also United States v. Solano,* 605 F.2d 1141, 1143 (9th Cir.1979) (holding that the government may separately prosecute a defendant for a substantive RICO offense and a predicate act); *United States v. Rone,* 598 F.2d 564, 571 (9th Cir.1979) (indicating the same with respect to successive sentences). And, as the Third Circuit indicated in *Esposito,* it does not matter in which order the prosecutions occur. 912 F.2d at 64.

Le maintains that this case is dissimilar because the predicate act was a conspiracy which is part of the overall conspiracy charged in the Northern District indictment. He argues that *Saccoccia* and *Esposito* are distinguishable because the government has charged the same conduct in the Eastern District indictment—conspiracy to commit Hobbs Act robberies—as was charged in the Northern District indictment, but this is not the case. The Northern District indictment charges violation of a different conspiracy statute, 18 U.S.C. § 1962(d), from the Eastern District indictment which charges violations of 18 U.S.C. § 1951(a). The elements of proof differ as well: RICO criminalizes conducting, or agreeing to conduct, an enterprise that engages in a pattern of racketeering activity by committing two or more predicate acts, whereas the Hobbs Act criminalizes committing, or agreeing to commit, robberies that affect interstate commerce. RICO does not necessarily involve conspiring to commit Hobbs Act robberies, nor does conspiring to commit Hobbs Act robberies necessarily involve racketeering. *See Solano,* 605 F.2d at 1145(distinguishing the elements of RICO conspiracy from a 21 U.S.C. § 846 conspiracy to manufacture drugs); *cf. Rutledge v. United States,* 517 U.S. 292, 300, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996) (holding that a 21 U.S.C. § 846 conspiracy to distribute controlled substances is a lesser included of-

fense of a Continuing Criminal Enterprise (CCE) offense under 21 U.S.C. § 848 because the "in concert" element of the CCE offense was based on the same agreement as the § 846 conspiracy). The two conspiracies are therefore different offenses under the test of *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

*Stoddard* involves a different situation. There, the government indicted the defendant for conspiring to distribute marijuana between January 1, 1985 and October 12, 1995 in violation of 21 U.S.C. § 846 after having prosecuted him for a conspiracy to possess marijuana with intent to distribute between May 1989 and August 31, 1990 in violation of 21 U.S.C. § 846. 111 F.3d at 1454 & n. 3. Because the same statute was at issue, the question was whether the government had improperly broken up a single conspiracy into multiple conspiracies. To determine whether the two conspiracy counts charged the same offense for purposes of double jeopardy, we applied a five-factor test first adopted in *Arnold v. United States,* 336 F.2d 347, 350 (9th Cir.1964). *See also United States v. Bendis,* 681 F.2d 561, 565 (9th Cir.1981). Examining differences in the time period covered, places where the conspiracies occurred, the co-conspirators, the overt acts, and the statutes allegedly violated, we concluded that there was sufficient overlap to show only one agreement. *Stoddard,* 111 F.3d at 1456–57. However, we have applied *Stoddard* and the five-factor test in cases involving successive conspiracy charges under the same statute, where the *Blockburger* test provided insufficient protection against subdivision of a single conspiracy into multiple violations of the single statute. *See Bendis,* 681 F.2d at 565 & n. 4; *United States v. Guzman,* 852 F.2d 1117, 1120 (9th Cir.1988); *United States v. Montgomery,* 150 F.3d 983, 990 (9th Cir.

1998). We decline to engraft a *Stoddard* analysis onto RICO so as to bar successive prosecutions for RICO predicate acts simply because they, too, are conspiracies.

Le also suggests that the conspiracies alleged in each indictment must be the same overall conspiracy given how co-defendant Van Thieng Di was charged in both actions. Di pled guilty to Count Three of the Northern District indictment, which charged a conspiracy to commit Hobbs Act robberies of computer chip companies, and to a charge in the Eastern District indictment of overall conspiracy to commit Hobbs Act robberies of computer chip companies and jewelry stores including Phnom Pich. However, as the district court pointed out, only Di was named in Count Three of the Northern District indictment so what it charges as to him is irrelevant to a double jeopardy bar for Le and Luong.

We conclude that the government was not barred from successively prosecuting Le and Luong for violations of RICO and for conspiracy to commit a Hobbs Act robbery when one of the RICO predicate acts was a conspiracy to commit Hobbs Act robberies. *Stoddard* does not extend to RICO predicate acts. RICO criminalizes structural conduct that is separate and apart from predicate offenses. Therefore, whether or not the predicate offense is itself a conspiracy, the predicate offense may subsequently be prosecuted under *Saccoccia.*

## III

█ Le contends that he was already punished for the conduct relating to the overall Hobbs Act conspiracy charged in the Northern District and therefore is subject to multiple punishment for the same offense in the Eastern District. Relying on *United States v. Koonce,* 945 F.2d 1145 (10th Cir.1991), and *United States v.*

*McCormick,* 992 F.2d 437 (2d Cir.1993), for the proposition that subsequent prosecution is precluded where conduct has already been used to determine a defendant's offense level under the United States Sentencing Guidelines, Le posits that the sentencing judge in the Northern District action considered evidence of his role in the overall conspiracy to commit Hobbs Act robberies, including specifically the DFI robbery on January 20, 1996, and presumably sentenced him based on that evidence as well as his participation in other robberies that occurred elsewhere. However, this argument is foreclosed by *Witte v. United States,* 515 U.S. 389, 403–04, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995), which held that punishment authorized by statute for a particular crime is "punishment only for the offense of conviction for purposes of the double jeopardy inquiry." *See also United States v. Jernigan,* 60 F.3d 562, 564–65 (9th Cir.1995) (holding that a defendant could be punished for failure to appear even though the same conduct was used to enhance his sentence for a prior conviction).

## IV

Finally, Le (alone) seeks reversal based on collateral estoppel from his acquittal of the RICO substantive offense, which included an overall conspiracy to commit Hobbs Act robberies as one of its predicate acts. We need not consider the merits of this argument because Le had the burden of demonstrating that the issue whose relitigation he seeks to bar was actually decided in the Northern District action. *Dowling v. United States,* 493 U.S. 342, 350–51, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990). To carry this burden required him to "introduce a sufficient record of the prior proceeding to enable the trial court to pinpoint the exact issues previously litigated." *United States v. Lasky,* 600 F.2d

765, 769 (9th Cir.1979). This Le failed to do. As it is impossible to tell from the record why he was acquitted, we have no basis for meaningful appellate review of the issue.

AFFIRMED.