**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John That LUONG, aka Tony; Johnny; Thang; Cuong Quoc Dao; John Dao; Duong; Thanh; Ah Sinh; That Luong; Ah Sing, Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Huy Chi Luong, aka Chi Fei; Jimmy Luong, Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Hoang Ai Le, aka Ah Hoang, Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Mady Chan, Defendant–Appellant.**

Nos. 01–10468 to 01–10471.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 15, 2006.

Filed Dec. 26, 2006.

642

Elizabeth K. Lee, USSF—Office of the U.S. Attorney, San Francisco, CA, Nina Swift Goodman, Attorney, DOJ—U.S. Department of Justice Criminal Division/Appellate Staff, Washington, DC, for Plaintiff–Appellee.

William L. Osterhoudt, Esq., Law Offices of William L. Osterhoudt, Dennis P. Riordan, Esq., Riordan & Rosenthal, San Francisco, CA, George C. Boisseau, Esq., Santa Rosa, CA, Gary Dubcoff, Attorney at Law, San Rafael, CA, for Defendant–Appellant.

Before: CANBY, THOMPSON, and HAWKINS, Circuit Judges.

## MEMORANDUM *

John That Luong ("Luong"), Huy Chi Luong ("Huy Chi"), Hong Ai Le ("Le"), and Mady Chan ("Chan") appeal their convictions and sentences for substantive violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), RICO conspiracy, Hobbs Act robbery, Hobbs Act conspiracy, use of a firearm in connection with a Hobbs Act conspiracy, heroin conspiracy, distribution of heroin, and use of a telephone in furtherance of a heroin conspiracy. In a published opinion filed contemporaneously with this memorandum disposition, we have rejected the appellants' challenge to the district court's jurisdiction to authorize a wiretap of Luong's mobile phone. We resolve the remaining appellate issues in this disposition. Our jurisdiction is founded in 28 U.S.C. § 1291. We reverse Chan's substantive RICO conviction, affirm the remaining convictions, vacate all four sentences, and remand for full re-sentencing.

## I. Challenges to the Sufficiency of the Evidence

We review de novo the denial of petitioners' motions for acquittal based on insufficient evidence. *United States v. Carranza*, 289 F.3d 634, 641 (9th Cir.2002). "Evidence is sufficient if, viewed in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Odom*, 329 F.3d 1032, 1034 (9th Cir.2003) (citation omitted).

█ Substantial evidence supported the existence of a RICO enterprise that committed armed robberies and dealt heroin. A rational jury could have concluded that the enterprise was a distinct group organized into three tiers that functioned as a continuing unit. *See Chang v. Chen*, 80 F.3d 1293, 1297, 1299–1300 (9th Cir.1996). There was sufficient evidence of overlapping participants and shared expenses for a rational jury to conclude that the heroin dealing was part of the enterprise.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

■ There was sufficient evidence to support Huy Chi's and Le's substantive RICO and RICO conspiracy convictions because a rational jury could have found that they knowingly agreed to facilitate a scheme that included the operation of the enterprise's drug and robbery activities. *See United States v. Fernandez,* 388 F.3d 1199, 1230 (9th Cir.2004) (stating test for sufficiency of evidence of a RICO conspiracy). They were aware of the essential nature and scope of the enterprise and intended to participate in it. *See id.* Huy Chi recruited a heroin dealer, paid a robbery crew member to transport heroin from California to the east coast, received stolen merchandise to sell, and helped plan and execute the Hokkins robbery on March 14, 1995. Le sold heroin to an FBI informant, participated in the Hokkins robbery, and helped to plan the Comtrade robbery.

■ There was insufficient evidence to support Chan's substantive RICO conviction because, as the government concedes, there was no evidence that Chan participated in or knew of the drug trafficking operation. *See id.* Chan's ignorance of the heroin operation prevented the conclusion that he intended to participate in the charged RICO enterprise that robbed companies and trafficked in heroin. Sufficient evidence supported Chan's RICO conspiracy conviction because he agreed to facilitate the enterprise's robbery activities.

■ Sufficient evidence supported Luong's conviction of the Aristocrat counts even though there was no direct evidence that he specifically agreed to rob Aristocrat. A rational jury could infer his agreement from the evidence that he was super-vising the crew chief who executed the Aristocrat robbery, actively participated in the selection of the crew chief's next robbery target, and directed the crew chief during the time period when Aristocrat was robbed.

## II. Challenges to the Indictment; Constructive Amendment

■ The Double Jeopardy Clause does not preclude the government from charging four conspiracies to violate the Hobbs Act and using the same four conspiracies to support a substantive RICO charge. *See United States v. Luong,* 393 F.3d 913, 915, 917 (9th Cir.2004) (holding that the Double Jeopardy Clause does not bar prosecution for RICO counts that are predicated on an "overall Hobbs Act conspiracy to rob computer companies" and for separate Hobbs Act conspiracies to commit robberies of particular computer companies, because "RICO criminalizes structural conduct that is separate and apart from predicate offenses."). There are no Double Jeopardy concerns with appellants' convictions of both RICO and Hobbs Act conspiracies because the convictions were for violating different statutes with different elements. *See id.* at 916. Similarly, separately charging the four Hobbs Act conspiracies was proper because each conspiracy involved a distinct agreement to violate the statute.

■ The jury instructions[1] regarding robbery did not constructively amend the indictment because the instructions properly conveyed the elements of the charged robbery offenses and "[t]here was only 'one complex of facts' alleged in the indictment and proved at trial." *United States v. Shipsey,* 363 F.3d 962, 974 (9th Cir.2004). The robbery instruction refer-

---

1. We cannot review the lack of an aiding and abetting instruction because the appellants objected to its inclusion at trial. *United States v. Perez,* 116 F.3d 840, 845 (9th Cir.1997) (en banc).

ring to "wrongful use or threat of force or fear" did not allow the jury to convict on an extortion theory because extortion requires that the property be taken from another with his consent, *see* 18 U.S.C. § 1951(b)(2), whereas the court repeatedly told the jury that the indictment charged appellants with "armed robbery by force or physical violence."

The prosecutor's closing argument that Luong could be liable for the Aristocrat robbery without direct evidence of his specific agreement to rob Aristocrat did not constructively amend the indictment.[2] The trial evidence was not distinctly different from the facts in the indictment, and the jury instructions required any variances between the prosecutor's argument and the indictment to be resolved in favor of the indictment. The substantial control Luong exerted over the Aristocrat crew chief at the time of the robbery prevents us from concluding that any error affected "the fairness, integrity or public reputation of the judicial proceedings." *See United States v. Hugs*, 384 F.3d 762, 767 (9th Cir.2004) (internal quotations and citations omitted).

The government's offer of proof did not constructively amend Le's indictment because the government was not required to prove Le's status as a middleman to convict him of the RICO counts. *United States v. Antonakeas*, 255 F.3d 714, 722 (9th Cir.2001) (holding that an indictment is not constructively amended when the government fails to prove nonessential allegations).

## III.  Denial of Severance

The district court did not abuse its discretion in declining to sever the drug trafficking and robbery counts because the indictment alleged that they were predicate acts to the substantive RICO charge against all appellants in Count 1. *See United States v. Gillam*, 167 F.3d 1273, 1276 (9th Cir.1999); Fed. R. Crim P. 8(a) ("The indictment or information may charge a defendant in separate counts with 2 or more offenses may if the offenses charged . . . are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.").

The court did not abuse its discretion in denying Luong's severance motion because the evidence he sought to admit against his codefendants was not substantially exculpatory and because severance would have inflicted large costs on all parties. *See United States v. Pitner*, 307 F.3d 1178, 1181 (9th Cir.2002). The wiretap transcripts Luong sought to introduce were not substantially exculpatory because they were cumulative of admitted evidence that helped to establish the existence of a single RICO conspiracy. Luong's motion was not in the interest of judicial economy because he made it four months after the trial began. *See id.* at 1182.

## IV.  Non–Jurisdictional Challenges to the Wiretap

The district court did not abuse its discretion in finding that the government's wiretap application satisfied the requirement of necessity.[3] *See United States v. McGuire*, 307 F.3d 1192, 1197 (9th Cir.2002) (holding that standard of review for finding of necessity is abuse of

---

2. We review this constructive amendment claim for plain error because Luong did not object to the prosecutor's closing argument. *See United States v. Jimenez–Borja*, 378 F.3d 853, 857 (9th Cir.2004).

3. A judge who authorizes a wiretap must determine that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(3)(c).

discretion). The judge properly found that the wiretap was necessary because traditional investigative measures had failed to uncover the full scope and nature of John Luong's criminal enterprise. *See, e.g., United States v. Shryock*, 342 F.3d 948, 976 (9th Cir.2003). Agent Lee's affidavit described the extensive but failed efforts to discern the structure of Luong's criminal organization through traditional investigative techniques. *See, e.g., United States v. Canales Gomez*, 358 F.3d 1221, 1226 (9th Cir.2004) (holding that necessity may exist even if existing informants are still useful); *McGuire*, 307 F.3d at 1199 (holding that necessity exists if the government is having difficulty identifying all of the conspiracy members).[4]

▓▓▓ The district court did not clearly err when it found that Agent Lee's affidavit supported authorizing the wiretap even if all of its alleged falsities were removed. *See Shryock*, 342 F.3d at 975; *United States v. Bennett*, 219 F.3d 1117, 1124 (9th Cir.2000) (stating that a defendant is entitled to a *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), hearing only if he makes a substantial preliminary showing that the wiretap affidavit contained intentionally or recklessly false statements, and that the affidavit would be insufficient to support a probable cause finding if the falsehoods were corrected). The original wiretap application concerned only Luong's heroin dealing and did not mention any suspicion that he was involved in the robbery of computer companies. It was reckless to omit Luong's robbery activities from the wiretap application because the government had information linking Luong to a failed Hobbs Act robbery in Minnesota. Nonetheless, the reck-lessly omitted information concerning Luong's robbery involvement was not material to the court's probable cause finding. The omitted information did not alter the reasonable necessity for the wiretap to uncover the full membership of Luong's drug organization and the scope of its activities, which remained unknown despite several months of traditional investigation.

▓▓▓ The court did not abuse its discretion when it excluded wiretap evidence that Luong sought to introduce because he did not notify adverse parties of his intent to use the material under the residual hearsay exception. *See* Fed. R.Evid. 807 (requiring the proponent of the statement to give adverse parties notice of his intent to use the material in advance of the trial or hearing); *Shryock*, 342 F.3d at 981. The statements Luong sought to introduce inculpated defendants Huy Chi, Chan, and Reth. Luong did not give his codefendants any advance notice of his intent to introduce the remaining wiretap transcripts. The government's inclusion of the tapes in its pretrial list of proposed exhibits did not relieve Luong of his responsibility to notify adverse parties of his intention to offer the evidence.

## V. Sentencing

▓▓▓ Re-sentencing is required because the appellants were unconstitutionally sentenced under the mandatory guidelines scheme. The appellants preserved the error by objecting to the sentencing procedure on constitutional grounds. The government does not contend that the error is harmless, and concedes that re-sentencing is necessary. We therefore vacate the sentences of all of the appellants and

---

4. We also reject the appellants' contention that the government was required to obtain a "roving" wiretap pursuant to 18 U.S.C. § 2518(11). There was no need for a roving wiretap because the government sought a warrant only for a specific cell phone with the number (916) 204–6889. *See United States v. Hermanek*, 289 F.3d 1076, 1087 & n. 4 (9th Cir.2002) (ruling that the effect of a non-roving warrant is not altered by reason of its being applied to a particular cellular telephone number rather than a land line).

remand for a plenary resentencing. *See United States v. Beng–Salazar*, 452 F.3d 1088, 1097 (9th Cir.2006) (holding that a defendant who preserved a constitutional objection to mandatory Guideline sentencing is entitled to full re-sentencing unless the government can show error was harmless).

### VI. Conclusion

We have reviewed all remaining arguments of all the appellants and find them to be without merit.

We reverse Chan's substantive RICO conviction. We affirm all the remaining convictions of all of the appellants. We vacate the sentences of all of the appellants and remand for a full re-sentencing.

**CONVICTIONS AFFIRMED IN PART and REVERSED IN PART; SENTENCES VACATED; REMANDED FOR RE–SENTENCING.**