UNITED STATES of America,
Plaintiff–Appellee,

v.

Amanda Jean BROTHERS,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Brian Edward Barker, Defendant–
Appellant.

Nos. 06–30429, 06–30443.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2007.

Filed June 25, 2007.

Joshua A. Van De Wetering, Esq., USMI—Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Kelly J. Varnes, Esq., Hendrickson Everson Noennig & Woodward, PC, Robert L. Stephens, Jr., Esq., Southside Law Center, Billings, MT, for Defendant–Appellant.

Before: B. FLETCHER, PREGERSON, and IKUTA, Circuit Judges.

## MEMORANDUM *

In these consolidated cases, we address the criminal appeals of Brian Barker and Amanda Brothers.

Barker contends that his conviction violates the protections of the Double Jeopardy Clause of the Fifth Amendment. We disagree. First, Barker was not subject to multiple prosecutions for the "same offense." *See United States v. Saccoccia,* 18 F.3d 795, 798 (9th Cir.1994). Second, Barker's multiple punishment argument is foreclosed by *Witte v. United States,* 515

U.S. 389, 403–04, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995). Finally, the doctrines of res judicata and collateral estoppel are not implicated in this case. *See United States v. Stearns,* 707 F.2d 391, 394 (9th Cir.1983).

Barker also argues that the district court erred in declining to dismiss the Superceding Billings Indictment on the ground that Barker was immune from prosecution for the charges set forth therein by the terms of his Missoula plea agreement. We review "[t]he district court's interpretation and construction of a plea agreement ... for clear error." *United States v. Clark,* 218 F.3d 1092, 1095 (9th Cir.2000). "Factual findings regarding the terms of the plea agreement are also reviewed for clear error. Whether the government breached a plea agreement is reviewed de novo. Whether language in a plea agreement is ambiguous is subject to a de novo review." *Id.* (internal citations omitted).

The Missoula plea agreement provided that in exchange for Barker's guilty plea on Count II of the Missoula indictment, the government would not bring any action against Barker "based upon the facts alleged in [the Missoula] indictment or the acts or occurrences giving rise to [that] indictment." The Missoula indictment charged Barker and others with, among other things, conspiracy to distribute 50 grams or more of methamphetamine in Missoula, Great Falls and Billings during a time period also covered by the Superceding Billings Indictment. Barker contends that Counts II and III of the Superceding Billings Indictment are based on "facts alleged in [the Missoula] indictment or the acts or occurrences giving rise to [that] indictment," and therefore the government

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

breached the Missoula plea agreement in indicting him on those counts.

 The scope of the Missoula plea agreement is not clear and unambiguous due to the timing of that agreement, and the fact that the underlying Missoula indictment, like the Superceding Billings Indictment, referenced Billings and addressed a time period which overlapped with the period covered by the Superceding Billings Indictment. Although the district court expressly rejected Barker's contention that the Missoula plea agreement barred the government from prosecuting Barker under the Superceding Billings Indictment, the district court failed to make any factual findings regarding the scope of the plea agreement. Without the benefit of the district court's consideration of this issue, we are unable to conduct a meaningful review of Barker's contentions on appeal.

Accordingly, we **REMAND** Barker's case to the district court. We instruct the district court to conduct an evidentiary hearing to determine what the parties reasonably understood to be the terms of the plea agreement. *See Clark*, 218 F.3d at 1094–97; *see also United States v. Helmandollar*, 852 F.2d 498, 501 (9th Cir. 1988) ("What the parties agreed to in any given case is preeminently a question of fact, to be resolved by the district court."). If, on remand, the district court determines that the terms of the Missoula plea agreement barred the government from prosecuting Barker on Count II or III of the Superceding Billings Indictment (or both), the district court shall vacate Barker's conviction on either or both of those counts. The district court may conduct such further proceedings on remand as it deems appropriate or necessary.[1]

We next address the sentencing issues raised by Brothers. We reject Brothers' contention that the district court erred by using the "pure" weight of the methamphetamine set forth in the PSR to establish her base offense level. *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2D1.1(c) drug quantity table note (B); *United States v. Mendoza*, 121 F.3d 510, 512 (9th Cir.1997). The district court was entitled to conduct extra-judicial fact-finding and "rely on undisputed statements in the PSR at sentencing." *United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc). Moreover, because Brothers' 135–month sentence was well below the statutory maximum of 40 years, the district court's factual findings concerning the pure weight of the methamphetamine did not violate *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

We also conclude that the district court did not clearly err in determining that Brothers was not a "minimal" or "minor" participant in the drug distribution scheme for purposes of U.S.S.G. § 3B1.2. *See United States v. Cantrell*, 433 F.3d 1269, 1282–84 (9th Cir.2006). We need not consider whether the district court applied the proper legal standard, as any error was harmless. Brothers' statements support the district court's conclusion that she played more than a minor or minimal role. We thus **AFFIRM** Brothers' sentence.

Case number 06–30443 is **REMANDED.**

Case number 06–30429 is **AFFIRMED.**

---

1. We express no opinion as to the likely outcome on remand. However, because we remand for further proceedings that may result in the reversal of Barker's conviction, we decline to address Barker's challenge to the validity of the 21 U.S.C. § 851(a) sentencing information at this time.