**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 11 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 10-50419, 10-50467, 10-50469, 10-50470, 10-50473, 10-50485, 10-50489, 10-50507, 10-50510, 10-50511, 10-50512, 10-50514, 10-50535, 10-50541, 10-50582 |
| Plaintiff - Appellee/Appellant, | |
| v. | |
| FERNANDO MORALES, RAMON CENDEJAS, KELVIN MELGAR, PAUL CORTEZ JOVEL, JOSE ALFARO, CARLOS CUENTAS | D.C. No. 2:09-cr-00466-R |
| Defendants - Appellants/Appellees, | |
| v. | MEMORANDUM[*] |
| JUAN FUENTES, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 5, 2011
Pasadena, California

Before: B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

These interlocutory appeals arise from the 2009 indictment of twenty-four alleged members of the Mara Salvatrucha ("MS-13") gang on racketeering and drug conspiracy charges. The sixteen-count indictment charges 158 overt acts in furtherance of the racketeering and drug conspiracy counts. Defendants appeal the denial of motions to dismiss portions of the indictment as barred by double jeopardy and the denial of motions to compel specific performance of non-prosecution provisions previously agreed to in exchange for guilty pleas to related charges. The government cross-appeals the district court's sua sponte decision to strike certain overt-act allegations from the indictment.

**I**.

We have jurisdiction under the collateral order doctrine over interlocutory appeals from the denial of a motion to dismiss certain charges as precluded by double jeopardy. *Abney v. United States*, 431 U.S. 651, 659-62 (1977). We also have jurisdiction over interlocutory appeals of orders denying a motion to dismiss an indictment on the ground that it was filed in breach of a plea agreement. *United States v. Sandoval-Lopez*, 122 F.3d 797, 799-800 (9th Cir. 1997).

We have jurisdiction under 18 U.S.C. § 3731 over the government's interlocutory appeal of the district court's orders striking part of the indictment.

Section 3731 previously provided for appeals from any "order of a district court . . . dismissing an indictment . . . *as to any one or more counts.*" The statute was amended in 2002 to permit appeals from any "order of a district court . . . dismissing an indictment . . . *or any part thereof.*" *See* H.R. Rep. 107-685, at 165-66 (2002) (Conf. Rep.), *as reprinted in* 2002 U.S.C.C.A.N. 1120, 1140-41 ("It is time to resolve these conflicting results definitively. The reach of section 3731 should clearly be extended to orders dismissing portions of counts."); *see also United States v. DeCologero*, 364 F.3d 12, 21 (1st Cir. 2004) (same). To the extent that the district court's decisions to strike portions of the indictment as to particular defendants are construed as "decision[s] or order[s] of a district court suppressing or excluding evidence," § 3731 also provides appellate jurisdiction. *See, e.g.*, *United States v. Mobley*, 193 F.3d 492, 494-95 (7th Cir. 1999) (holding that appellate jurisdiction lies over a district court's exclusion of evidence of some overt acts charged as part of a conspiracy count).

We lack interlocutory jurisdiction over other issues raised in defendants' notices of appeal and briefs, including: (a) the denial of Jose Alfaro's motions to dismiss for prosecutorial misconduct and pre-indictment delay; (b) the denial of Alfaro's motion to sever; and (c) the denial of Paul Cortez Jovel's motion to dismiss or strike based on due process violations or estoppel. Defendants' appeals

3

on issues other than double jeopardy and breaches of the plea agreements are premature and accordingly are dismissed for lack of jurisdiction.

## II.

## A.

The district court erred when it denied the double jeopardy motions that were brought by defendants Fernando Morales, Ramon Cendejas, Kelvin Melgar, Jovel and Juan Fuentes as to the drug distribution conspiracy count. "The double jeopardy clause precludes the government from dividing a single conspiracy into multiple charges and pursuing successive prosecutions against the defendant." *United States v. Guzman*, 852 F.2d 1117, 1119-20 (9th Cir. 1988); *see Braverman v. United States*, 317 U.S. 49, 53 (1942) ("The single agreement is the prohibited conspiracy, and however diverse its objects it violates but a single statute . . . . For such a violation only the single penalty prescribed by the statute can be imposed."). "Once the defendant makes an initial non-frivolous showing of double jeopardy, 'the government must tender to the court evidence indicating that separate conspiracies are charged.'" *United States v. Ziskin*, 360 F.3d 934, 943 (9th Cir. 2003) (quoting *United States v. Bendis*, 681 F.2d 561, 564 (9th Cir. 1981)). The district court must then evaluate these charges under the five-factor analysis set forth in *Arnold v. United States*, 336 F.2d 347 (9th Cir. 1964). The *Arnold* test

4

requires a comparison of "the differences in the periods of time covered by the alleged conspiracies, the places where the conspiracies were alleged to occur, the persons charged as co-conspirators, the overt acts alleged to have been committed, and the statutes alleged to have been violated." *Bendis*, 681 F.2d at 565.

Morales, Cendejas, Melgar, Jovel and Fuentes were each separately indicted for distributing drugs and conspiracy to distribute drugs in 2007. The prior indictment against Melgar and Morales charged them with five counts of distributing methamphetamine under 18 U.S.C. § 841(a) and three counts of conspiracy to distribute methamphetamine under 18 U.S.C. § 846. Melgar and Morales each pleaded guilty to a single conspiracy count. The prior indictment against Cendejas charged him with two counts of distributing cocaine base and one count of conspiring to distribute cocaine base, and he pleaded guilty to the conspiracy count. The prior indictment against Fuentes charged six counts of distributing methamphetamine and one count of conspiracy to distribute methamphetamine. Fuentes pleaded guilty to all of the counts. Similarly, the prior indictment against Jovel charged eight counts of distributing cocaine base and methamphetamine and two counts of conspiring to distribute methamphetamine. He pleaded guilty to one count of distributing methamphetamine and one count of

5

conspiracy to distribute methamphetamine.  Each of these five defendants has been in custody since their arrests on the 2007 charges.

In connection with both the racketeering and the § 846 drug conspiracy counts, the 2009 indictment alleges as overt acts each methamphetamine and cocaine base transaction charged in the 2007 indictments of Morales, Cendejas, Melgar, Jovel and Fuentes.  These defendants have adduced evidence suggesting that the 2007 drug distribution conspiracies were part of the same pattern of conduct charged as a drug distribution conspiracy in the 2009 indictment.  In addition to the prior charging documents and plea agreements, defendants point to: (a) the government's representations made in a 2006 application to wire tap Melgar's cellular telephone as part of an ongoing MS-13 investigation; (b) FBI Special Agents' statements about MS-13 drug trafficking activities in affidavits submitted to substantiate criminal complaints filed in 2007; (c) the government's claims about MS-13 in the memoranda filed in connection with the sentencings following the guilty plea convictions on the 2007 charges; and (d) the government's production of identical discovery materials to defendants in relation to both the 2007 and 2009 indictments.

Defendants met their burden of making a non-frivolous showing that the drug distribution conspiracy count charged in 2009 may have been the same

conspiracy charged in 2007, thus placing them in double jeopardy. *See Ziskin*, 360 F.3d at 943. Although the government was then required to "tender to the court evidence indicating that separate conspiracies are charged," *Bendis*, 681 F.2d at 564, the government proffered no additional evidence. The district court's denial of the motions to dismiss was in error because it failed to require the government to meet its burden of producing evidence that the conspiracies charged in 2007 and 2009 were in fact different conspiracies. *See Ziskin*, 360 F.3d at 943; *Bendis*, 681 F.2d at 564. On remand, the government must be put to its burden of production and the evidence must be weighed under the *Arnold* factor analysis. *See United States v. Flick*, 716 F.2d 735, 739 (9th Cir. 1983).

**B**.

The district court properly denied Alfaro and Carlos Cuentas's motions to dismiss the indictment as precluded by double jeopardy. "A substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes." *United States v. Saccoccia*, 18 F.3d 795, 798 (9th Cir. 1994); *see United States v. Felix*, 503 U.S. 378, 389 (1992). In 2005, Alfaro was charged with eleven counts of distributing cocaine and cocaine base under 18 U.S.C. § 841(a). Similarly, in 2007, Cuentas was charged with two counts of distributing cocaine and cocaine base. Both defendants pleaded guilty to those substantive

7

drug charges. Neither indictment charged Alfaro or Cuentas with drug distribution conspiracy, and thus the 2009 conspiracy charge does not place them in double jeopardy. *See Saccoccia*, 18 F.3d at 798.

## C.

The district court also properly denied motions to dismiss the racketeering charges as barred by double jeopardy filed by Morales, Melgar, Jovel and Alfaro. "[T]he government may prosecute a RICO conspiracy and a predicate act successively." *United States v. Luong*, 393 F.3d 913, 915 (9th Cir. 2004). There is no double jeopardy bar to such prosecution because "RICO criminalizes structural conduct that is separate and apart from predicate offenses." *Id.* at 917. The government previously prosecuted these defendants for distributing methamphetamine, cocaine or cocaine base, or for conspiracy to distribute those drugs. Thus, the prior indictments on those substantive counts are not a bar to the 2009 prosecution for racketeering, even though it is predicated on those same drug distribution and conspiracy offenses.

## III.

Defendants Alfaro, Cendejas and Jovel each filed motions to dismiss all or part of the 2009 indictment based on the non-prosecution provisions contained in the plea agreements that resolved their prior prosecutions. "Because a plea

8

agreement is, at bottom, a contract between the government and a criminal defendant, for the most part we construe a plea agreement using the ordinary rules of contract interpretation." *United States v. Transfiguracion*, 442 F.3d 1222, 1228 (9th Cir. 2006) (quotation and alteration omitted).

## A.

The district court properly denied Alfaro's motion to dismiss. Alfaro's non-prosecution agreement bars further prosecution "for a violation of Title 21 United States Code Section 841(a)(1) arising from" his possession of controlled substances on September 7, 2005. Overt act 87 in the 2009 indictment includes allegations about Alfaro's possession of drugs and paraphernalia on September 7, 2005. However, because the 2009 indictment does not include any charges under § 841(a), Alfaro's non-prosecution agreement provides no basis to dismiss the indictment.

## B.

The district court properly granted, in part, Cendejas's motion to dismiss. The non-prosecution provision in Cendejas's prior plea agreement provides that the government will not "further prosecute [him] for violations of 21 U.S.C. §§ 841, 846 arising out of [his] as-yet-uncharged April 12, 2006 distribution of cocaine base." Overt act 103 of the 2009 indictment alleges that Cendejas

9

distributed cocaine base on April 12, 2006. That overt act is incorporated into both the racketeering and § 846 counts. The government now concedes that the district court correctly struck overt act 103 from the § 846 count as it applies to Cendejas.

## C.

We reverse in part the district court's denial of Jovel's motion to dismiss. Jovel's non-prosecution agreement provided that the government will not "further prosecute [him] for violations of 21 U.S.C. §§ 841 or 846 arising out of [his] possession of controlled substances [on] November 15, 2007." Overt act 158 of the 2009 indictment alleges that Jovel possessed controlled substances on November 15, 2007. That overt act is also incorporated into both the racketeering and § 846 counts. The government now concedes that prosecution for overt act 158 is barred by Jovel's non-prosecution agreement. We therefore reverse and remand with instructions to grant the motion to dismiss in part and strike overt act 158 from the § 846 count as it applies to Jovel.

## IV.

Notwithstanding its holding that there was no double jeopardy bar to any portions of the 2009 indictment, the district court struck parts of the drug conspiracy charge. The government appeals the district court's orders and we reverse. "Whether to prosecute and what charge to file or bring before a grand jury

10

are decisions that generally rest in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114, 124 (1979). "It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions." *United States v. Olson*, 504 F.2d 1222, 1225 (9th Cir. 1974) (quotation omitted). However, "[a] court may dismiss an indictment under its supervisory powers only when the defendant suffers substantial prejudice, and where no lesser remedial action is available." *United States v. Chapman*, 524 F.3d 1073, 1087 (9th Cir. 2008) (quotations and citations omitted). Here, the district court failed to articulate a cognizable basis for its orders striking portions of the indictment, and the record does not support an exercise of the court's supervisory powers to intrude on the government's charging decisions.

## V.

Cendejas requests reassignment to a new judge on remand. The government stated that it takes no position on that request. "In the absence of personal bias, we assign a case to a new judge on remand only in unusual circumstances." *Earp v. Cullen*, 623 F.3d 1065, 1071 (9th Cir. 2010) (quotation omitted). Those circumstances include situations where the district court "would reasonably be

11

expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous." *Id.* (quoting *United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 780 (9th Cir. 1986)). The district court has expressed strongly-held opinions about the credibility of various defense theories, including double jeopardy. The strength of those beliefs is manifest in the district court's rejection of the government's unopposed request to stay proceedings pending these interlocutory appeals, requiring this court to enter an emergency stay on the government's motion. Accordingly, we grant the request and "exercise [our] supervisory power under 28 U.S.C. § 2106 to reassign this case to a different district court judge on remand." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 372 (9th Cir. 2005). The Clerk for the United States District Court for the Central District of California shall reassign this case to a different district court judge on remand.

**AFFIRMED IN PART, REVERSED IN PART, DISMISSED IN PART AND REMANDED.**