UNITED STATES of America,
Plaintiff–Appellee,

v.

Baltazar JIMENEZ–BORJA,
Defendant–Appellant.

No. 03–50141.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 2004.

Filed April 9, 2004.

Amended Aug. 3, 2004.

Steven F. Hubachek, Federal Defenders of San Diego, Inc., San Diego, CA, for the defendant-appellant.

Carol C. Lam, United States Attorney, David P. Curnow, Assistant United States Attorney, United States Attorney's Office, San Diego, CA, for the plaintiff-appellee.

Before KOZINSKI, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

ORDER AND AMENDED OPINION

## ORDER

The Opinion filed on April 9, 2004, is amended. The attached amended Opinion shall be filed.

With the amendments, the panel has voted to deny both the petition for panel rehearing and the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are denied. The parties may not file further petitions for rehearing or rehearing en banc.

## OPINION

SILVERMAN, Circuit Judge.

We hold today that a previously-deported alien can be deemed to have been "found in" the United States when he was found by local police. He need not have been found by the INS.

## I. FACTS

On August 25, 1998, Baltazar Jimenez–Borja admitted to an immigration judge that he was in the United States illegally, and was deported the same day. Three years later, Jimenez–Borja was again found in the United States. His prior deportation was reinstated and he was removed to Mexico on April 11, 2001.

Now the current charges: On October 5, 2001, Officer Russell Whittaker of the Escondido, California Police Department encountered Jimenez–Borja on Highway 78, approximately 35 miles north of the Mexican border. To make a long story short, Jimenez–Borja was arrested for robbery and possession of a controlled substance and booked into the local jail. On November 15, 2001, he pled guilty to a state drug charge and was placed on three years probation. However, he was not released from jail, because of a parole hold from a prior conviction.

On March 14, 2002, INS Special Agent Michael Haynes interviewed Jimenez–Borja in a holding cell in the federal building. Jimenez–Borja admitted to Haynes that he was a citizen of Mexico, that he entered the United States through the Port of San Ysidro on September 30, 2001, and that he had no right to be here.

A federal grand jury returned the following indictment:

On or about October 5, 2001, within the Southern District of California, defendant BALTAZAR JIMENEZ–BORJA, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General of the United States having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

Jimenez–Borja moved to dismiss the indictment on two grounds. First, he argued that the indictment was defective for failing to allege that the reentry was "voluntary." Second, he challenged the validity of his underlying 1998 deportation, claiming that he was denied due process because the immigration judge had not advised him of the availability of relief under 8 U.S.C. § 1182(h) (so-called " § 212(h) relief").

The district court denied the motion. The court found that Jimenez–Borja's 1998 waiver of the right to appeal his deportation had been obtained in violation of his due process rights because he had not been informed of his eligibility for § 212(h) relief. However, the court ruled that the 1998 deportation was nonetheless valid because Jimenez–Borja could not plausibly show that his deportation would cause "extreme hardship" to his wife and child, as required by § 212(h).

The case proceeded to trial during which both "found in" and "reentry" language was used to describe the charges. The indictment containing the "found in" language was read to the prospective jurors during jury selection. After the jury was selected, the district court told the panel:

> For the *crime of reentry of a deported alien,* the government must prove that, one, the defendant is an alien. Number two, the defendant was deported from the United States. And, three, the defendant *reentered* the United States without the consent of the Immigration and Naturalization Service.

Jimenez–Borja did not object to this instruction.

In opening statement, the prosecutor said, "In this case the defendant is charged with being a previously deported illegal alien who was *found in* the United States without proper authorization from the United States government." Defense counsel began her opening statement, "Mr. Jimenez is not guilty of the crime of *illegal reentry* by a deported alien."

When it came time to settle jury instructions, Jimenez–Borja proposed an instruction that stated that the defendant was "charged ... with *reentry* of a deported alien in violation of Section 1326(a)." (Emphasis added). He also proposed instructing that the government had to prove the following five elements beyond a reasonable doubt: (1) he is an alien; (2) he was deported; (3) he "voluntarily *reentered* the United States"; (4) INS did not consent to his *"reentry"*; and (5) he knew he was in the United States. (Emphasis added). His proposed instruction concluded, "It is not sufficient that the government proves that Mr. Jimenez–Borja was *'found in'* the United States; rather it must prove that Mr. Jimenez–Borja committed an intentional act, that is, voluntary *entry.*" (Emphasis added).

The government proposed instructing the jury: "The defendant is charged in an indictment with being a deported alien *found in* the United States." (Emphasis added). The proposed instruction stated that "the government must prove ... First: the defendant is an alien; Second: the defendant was deported from the United States; Third: the defendant was *found in* the United States without the consent of the Attorney General." (Emphasis added).

The court adopted neither proposed instruction. Rather, it gave the following instruction taken largely from Ninth Circuit Model Criminal Jury Instruction § 9.5 (2002):

> The defendant is charged in the indictment with *reentry* of deported alien in violation of Section 1326 of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
>
> First, the defendant is an alien;
>
> Second, the defendant was deported from the United States; and
>
> Third, the defendant *reentered* the United States without the consent of the Immigration and Naturalization Service.

(Emphasis added). Jimenez–Borja objected to the court's instruction on the ground that it did not include "that Mr. Jimenez has to know he is in the United States" or that he made a "voluntary re-entry." However, Jimenez–Borja did not object to the characterization of the "charge[ ] in the indictment" as "reentry of a deported alien," nor did he adequately apprise the district court that the decision to omit the "found in" language might constructively amend the indictment or fail to charge each of the essential elements of the crime to the jury.

At an early portion of his closing argument, the prosecutor stated: "The government must prove in this case that the defendant is an alien; that he was previously deported; and that he *reentered* the United States without permission from the INS." Later he stated that after being deported, Jimenez–Borja "was *found up* in Escondido" by Police Officer Whittaker. Then, "Mr. Jimenez–Borja *reentered* the United States without permission from the INS. How do we know that? Well because he *reentered* because he was *found up* in Escondido."

The jury returned a written verdict which stated: "We the jury in the above entitled cause find the defendant Baltazar Jimenez–Borja Guilty of the offense of deported-alien *found in* the United States as charged in the Indictment." (Emphasis added). Jimenez–Borja did not object to the form of the verdict. The judgment of conviction lists the offense as "Deported Alien Found In The United States" in violation of 8 U.S.C. § 1326.

## II. JURISDICTION AND STANDARDS OF REVIEW

 We review *de novo* the district court's interpretation of the requisite elements of a federal offense. *United States v. Hernandez–Vermudez*, 356 F.3d 1011, 1013 (9th Cir.2004). When a defendant does not object that a jury instruction is a variance or constructive amendment of the indictment, we review for plain error only. *United States. v. Choy*, 309 F.3d 602, 607 (9th Cir.2002); *United States v. Dipentino*, 242 F.3d 1090, 1094 (9th Cir.2001). Finally, "[w]e review the denial of the motion to dismiss an 8 U.S.C. § 1326 indictment *de novo*, when the motion to dismiss is based upon an alleged due process defect in the underlying deportation proceeding." *United States v. Leon–Paz*, 340 F.3d 1003, 1004(9th Cir.2003); *see also United States*

*v. Muro–Inclan*, 249 F.3d 1180, 1182 (9th Cir.2001).

## III. ANALYSIS

Jimenez–Borja's appeal boils down to three main points. First, he argues that the government failed to prove that he was found in the United States on or about October 5, 2001, the date alleged in the indictment. Second, he contends that the indictment charged him with being "found in," but the jury was instructed on "reentry." Finally, he contends that the district court erred in overruling his collateral attack on his underlying 1998 deportation.

## A. DATE OF OFFENSE

Jimenez–Borja argues on appeal that the government failed to prove that he was "found in" the United States on the date charged in the indictment, October 5, 2001. The argument goes like this: It does not matter that local police found Jimenez–Borja in the United States on October 5, 2001. That does not count. He cannot be considered "found in" the United States until the *INS* found him, and that did not happen until March 14, 2002. Accordingly, there was no proof that he was found in the United States on the date charged in the Indictment—October 5, 2001. Thus, the district court impermissibly allowed the indictment to be constructively amended and erred in denying his motion for judgment of acquittal.

 The trouble with the argument is its fallacious premise—that he was not "found in the United States" when he was found in Escondido, California by local police. The crime of being "found in" is a continuing offense. *United States v. Godinez–Rabadan*, 289 F.3d 630, 632 (9th Cir. 2002). The INS's involvement is significant only in that it marks the *end* of a continuing violation. It does not mark the beginning. Thus, Jimenez–Borja could

have been charged with having been "found in" the United States on October 5, 2001 when he was found in Escondido, California by local police (as he was), or on March 14, 2002 when he was discovered by the INS, or on any date in between—but not *after* March 14, 2002. On that date, having been discovered by the INS, Jimenez–Borja's continuing violation ended. The INS's finding of an illegal alien is significant for purposes of the statute of limitations, determining the applicable sentencing guidelines, and for venue. *See United States v. Hernandez,* 189 F.3d 785, 791 (9th Cir.1999). However, when the issue is whether or not the defendant was found in this country on a particular day, it does not matter *who* found him. What matters is that he was found on that date. In this case, the evidence showed that Jimenez–Borja was found in the United States on October 5, 2001 as charged.[1]

## B. JURY INSTRUCTIONS

Jimenez–Borja was charged with a "found in" offense, but the jurors were instructed only on reentry. As a result, he argues that they were not charged with the essential element of having been "found in" the United States, and that the indictment thereby constructively was amended. Yet we review for plain error because Jimenez–Borja failed sufficiently to object on these grounds. To the contrary, as pointed out above, defense counsel failed to submit a "found in" charge in her proposed instructions, and in talking to the jury, referred to the crime as an illegal reentry.

We have already concluded as a matter of law that Jimenez–Borja was indeed "found in" the United States on the date charged in the indictment. *See supra* Part III A. Moreover, the verdict form properly described the offense, so the jury convicted upon the "found in" crime as charged in the indictment. Accordingly, the interchangeable use of "reentry" and "found in," though sloppy, did not "seriously affect the fairness, integrity, or public reputation of [the] proceedings," *United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936), and thus did not rise to the level of plain error.

Jimenez–Borja also argues that the district court erroneously failed to instruct the jury that he voluntarily must have reentered the United States. *See United States v. Quintana–Torres,* 235 F.3d 1197, 1200 (9th Cir.2000) (holding that "the voluntariness of return is an element of [a found in] crime and, as such, must be proved beyond a reasonable doubt by the prosecution"). Although Jimenez–Borja did object on these grounds, the omission of an element from jury instructions is subject to harmless-error analysis. *Neder v. United States,* 527 U.S. 1, 10, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). Here, Jimenez–Borja has never argued that his reentry into the United States was involuntary, nor does it appear that he could: He was arrested in Escondido, California, well within the borders of the United States, and there is nothing to suggest that "he was under official restraint or somehow came to be [there] involuntarily." *United States v. Parga–Rosas,* 238 F.3d 1209, 1214(9th Cir.2001). Accordingly, any error was harmless, and Jimenez–Borja is not entitled to relief on account of any erroneous jury instructions.

---

**1.** Jimenez–Borja also argued that the indictment was defective because it failed to allege that the defendant's actions were voluntary. This argument is foreclosed by *United States v. San Juan–Cruz,* 314 F.3d 384, 390 (9th Cir.2002) ("Voluntary entry need not be expressly pled in an indictment for a violation of 8 U.S.C. § 1326.").

## C. THE 1998 DEPORTATION

In 1998, Jimenez–Borja consented to deportation, waived his right to appeal, and was deported. He argues now that his deportation violated due process because, in procuring his consent to deportation and waiver of appeal, the immigration judge failed to advise him of his possible eligibility for a waiver of deportation. In 1998, § 212(h) of the Immigration and Naturalization Act allowed for waiver of deportation if deportation would cause "extreme hardship" to the alien's spouse, parent or child who is a United States citizen or lawful permanent resident. Jimenez–Borja had qualifying relatives, and was therefore eligible for such relief. We agree with the district court that the immigration judge's failure to advise Jimenez–Borja of his eligibility for § 212(h) relief prior to procuring his consent to deportation violated Jimenez–Borja's due process rights. An alien's consent to deportation and waiver of the right to appeal must be "considered and intelligent," and Jimenez–Borja's was not. *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir.2000).

However, we also agree with the district court that Jimenez–Borja was not prejudiced by this defect, because he could not plausibly demonstrate that his deportation would cause extreme hardship to a qualifying relative, specifically his wife and child. The district court found that Jimenez–Borja had been in and out of prison since shortly after his marriage and had spent nearly all of his married life (except for two to four months) behind bars. He had had limited visitation with his wife and child, and did not provide financial support for the family. On these facts, Jimenez–Borja would not have been able to make a plausible showing of extreme hardship "beyond the common results of the deportation of a convict." *United States v. Arce–Hernandez*, 163 F.3d 559, 564(9th Cir.

1998). Because he would not have qualified for a § 212(h) waiver, he was not prejudiced by the failure to be advised of its existence. *See Shooshtary v. INS*, 39 F.3d 1049, 1051(9th Cir.1994).

AFFIRMED.