UNITED STATES of America,
Plaintiff—Appellee,

v.

Geovani ANDRADE–RIVERA,
Defendant—Appellant.

No. 04–50326.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2005.*

Decided June 22, 2005.

Julie J. Shemitz, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

Carlton Frederick Gunn, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant—Appellant.

Before: TROTT and W. FLETCHER, Circuit Judges, and RESTANI,** Judge.

MEMORANDUM ***

Geovani Andrade–Rivera collaterally attacks the deportation order underlying his conviction for being a deported alien found in the United States in violation of 8 U.S.C. § 1326, and challenges his sentence under *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We affirm Andrade's conviction but remand his sentence pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

To successfully challenge the deportation order underlying his conviction for violating 8 U.S.C. § 1326, Andrade must demonstrate that " '(1) his due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects.' " *United States v. Muro–Inclan,* 249 F.3d 1180, 1182 (9th Cir.2001) (citation omitted). Andrade's challenge fails because even if we were to assume that the immigration judge violated Andrade's due

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

process rights, Andrade suffered no prejudice.

To establish prejudice, Andrade must show that he had "a 'plausible' ground for relief" under section 212(h) "if he had sought such relief at the time of his underlying deportation proceedings." *Id.* at 1185 (citation omitted). To do so, Andrade "must make a showing that his deportation would impose an 'extreme hardship' on the citizen," here his estranged wife or his daughter. *Id.* at 1184 (citation omitted).

Andrade's showing is insufficient. He claims that he could have succeeded in demonstrating "extreme hardship" at the time he was deported because his citizen daughter "would grow up completely without a father." In an attempt to bolster his claim, he adds that the negative impact of his deportation would be exacerbated by the economic hardship his separation would cause his daughter. These claims, however, are nothing more than the " 'common results of the deportation of a convict' " and "do not constitute" a "plausible showing of extreme hardship." *United States v. Jimenez–Borja,* 378 F.3d 853, 859 (9th Cir.2004), *cert. denied,* — U.S. —, 125 S.Ct. 678, 160 L.Ed.2d 511 (citation omitted). Moreover, the record demonstrates a lack of meaningful ties to his immediate family, for reasons known to the appellant but not necessary to publish in this disposition.

Finally, we remand the sentencing challenges raised by Andrade, pursuant to *Ameline,* 409 F.3d 1073, 1085, for proceedings consistent with *Ameline's* requirements. If Andrade no longer wishes to pursue resentencing, he may "opt out" of resentencing by promptly notifying the district court. *Id.*

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

AFFIRMED in part and REMANDED in part.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.