**Julio Cesar ZAMUDIO–PENA, aka Julio Zamudio–Pena, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–73337.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 2009.

Filed May 20, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

David G. Barker, Esquire, Snell & Wilmer, Phoenix, AZ, for Petitioner.

District Counsel Phoenix, Esquire, Office, Office of the District Director U.S. Department of Homeland Security, Phoenix, AZ, Office Of The District Counsel Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice, William Clark Minick, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: THOMAS and PAEZ, Circuit Judges, and EZRA,* District Judge.

### MEMORANDUM **

Julio Cesar Zamudio–Pena petitions for review of the Board of Immigration Appeals' (BIA) decision that Zamudio–Pena was inadmissible on the basis of (1) his presence without admission or parole, 8 U.S.C. § 1182(a)(6)(A)(i); and (2) his conviction for possession of drug paraphernalia, 8 U.S.C. § 1182(a)(2)(A)(i)(II); and that he was ineligible for any relief, including voluntary departure, adjustment of status, and cancellation of removal. He does not contest his removability, but challenges the BIA's denial of relief. We have jurisdiction under 8 U.S.C. § 1252(a), and grant his petition and remand for a new removal proceeding.

Zamudio–Pena argues that the immigration judge did not adequately inform him of his apparent eligibility for pre-hearing voluntary departure or sufficiently explain the differences between pre-hearing and post-hearing voluntary departure, and that the IJ's failure to do so constituted a violation of his right to procedural due process. "The Fifth Amendment guarantees due

---

* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

process in deportation proceedings." *Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999). To prevail on his claim, Zamudio–Pena must show both that a due process violation occurred and that prejudice resulted. *Cano–Merida v. INS,* 311 F.3d 960, 965 (9th Cir.2002).

Due process requires that an immigration judge inform an individual in removal proceedings of the individual's "apparent eligibility" for relief. *United States v. Muro–Inclan,* 249 F.3d 1180, 1183 (9th Cir.2001) (citing 8 C.F.R. § 1240.49(a) ("The immigration judge shall inform the respondent of his or her apparent eligibility to apply for ... [a waiver of deportation].")). " 'Apparent eligibility' is a reasonable possibility that the alien may be eligible for relief." *Bui v. INS,* 76 F.3d 268, 270–71 (9th Cir.1996). Zamudio–Pena's claim involves the differences between "pre-hearing" voluntary departure, which must be granted prior to an individual's first merits hearing, *see* 8 C.F.R. § 1240.26(b)(1)(ii), and "post-hearing" voluntary departure, which is granted at the conclusion of an individual's removal hearing, 8 C.F.R. § 1240.26(c). Although a person must waive his or her right to appeal, concede removability, and withdraw other requests for relief to receive a grant of pre-hearing voluntary departure, 8 C.F.R. § 1240.26(b)(1)(i)(B)–(D), it is generally more difficult to show eligibility for post-hearing voluntary departure which, unlike pre-hearing voluntary departure, requires a finding of both good moral character and physical presence in the United States for the year preceding the service of the Notice to Appear, 8 C.F.R.

§ 1240.26(c)(1)(i)–(ii).[1] Here, had Zamudio–Pena made the proper waivers and concessions, he would have been eligible for pre-hearing voluntary departure, but may have been ineligible for post-hearing voluntary departure as a result of his conviction, which likely would have precluded a finding of good moral character.[2]

At Zamudio–Pena's first appearance, a group proceeding of unrepresented individuals like Zamudio–Pena, the IJ stated that the members of the group "may be eligible for the relief of voluntary departure" and explained the requirements for pre-hearing voluntary departure. However, the IJ failed to advise the group of the differences in timing and eligibility between pre-hearing and post-hearing voluntary departure. In doing so, the IJ also failed to inform Zamudio–Pena, along with the group, that if he waited to request voluntary departure until his removal proceeding concluded, then he would be subject to more stringent requirements and could very well be ineligible for post-hearing voluntary departure.

■ Further, the IJ failed to cure the inadequacy of his first advisement at Zamudio–Pena's next individual hearing a few months later, and likely further confused Zamudio–Pena about his eligibility for relief. The IJ alluded to different requirements for pre-hearing and post-hearing voluntary departure by first stating "You can file an appeal if you wish, but that means you would be ineligible for voluntary departure," and then stating, "Based on your drug violation if you wish to file an appeal, which is your right, I'd

---

1. Persons convicted of aggravated felonies or deportable on security-related grounds are ineligible for both pre-hearing and post-hearing voluntary departure. 8 C.F.R. § 1240.26(b)(1)(i)(E), (c)(1)(iii).

2. The BIA ultimately determined that Zamudio–Pena's conviction precluded a finding of good moral character and rendered him ineligible for voluntary departure at the conclusion of the proceeding. In light of our disposition, we need not address the propriety of this determination.

have to deny your voluntary departure...." [AR 21] However, the IJ failed to inform Zamudio–Pena that there were two forms of voluntary relief. As a result, Zamudio–Pena could have reasonably believed that he was ineligible for pre-hearing voluntary departure on the basis of his conviction. The IJ's failure to properly advise Zamudio–Pena of his apparent eligibility for pre-hearing voluntary departure and of the differences between pre-hearing and post-hearing voluntary departure violated his right to procedural due process.

We also hold that this violation resulted in prejudice. To demonstrate prejudice, Zamudio–Pena must show that the violation "potentially affected the outcome of the proceedings." *Colmenar v. INS*, 210 F.3d 967, 972 (9th Cir.2000) (quoting *Campos–Sanchez*, 164 F.3d at 450) (internal brackets omitted). As part of this showing, he must "plausibly demonstrate" his eligibility for voluntary departure. *United States v. Jimenez–Borja*, 378 F.3d 853, 859 (9th Cir.2004).

■ The IJ's failure to provide Zamudio–Pena complete and accurate information regarding his apparent eligibility for pre-hearing voluntary departure and the differences between the two forms of voluntary departure potentially affected the outcome of the proceeding. Zamudio–Pena chose to preserve his right to appeal, which rendered him ineligible for pre-hearing voluntary departure. *See* 8 C.F.R. § 1240.26(b)(1)(i)(D). However, it is reasonably likely that Zamudio–Pena would have requested pre-hearing voluntary departure and waived his right to appeal had

he been properly advised during his removal proceeding.

The government argues that the IJ's oral determination that he would deny voluntary departure in the exercise of discretion precludes Zamudio–Pena from "plausibly demonstrat[ing]" his eligibility for relief. The record suggests, however, that this determination was directed at Zamudio–Pena's eligibility for post-hearing voluntary departure; when the IJ made this statement, he had already determined that Zamudio–Pena was not eligible for pre-hearing voluntary departure. We further note that because pre-hearing voluntary departure permits IJs "to quickly and efficiently dispose of numerous cases on their docket, where appropriate," *In re Arguelles–Campos*, 22 I. & N. Dec. 811, 817 (B.I.A.1999), the IJ here would have likely looked favorably upon a request for pre-hearing voluntary departure had Zamudio–Pena so requested.

We therefore GRANT Zamudio–Pena's petition for review with respect to his due process challenge [3] and REMAND for a new removal proceeding.

___

3. Zamudio–Pena also challenges the BIA's determination that he was barred from adjustment of status and cancellation of removal as a result of his conviction for possession of drug paraphernalia. He argues that under *Lujan–Armendariz v. INS*, 222 F.3d 728, 749–50 (9th Cir.2000), this conviction should not be deemed a conviction for immigration purposes because he "would have been eligible for relief under the Federal First Offender Act had [his] offense[] been prosecuted as [a] federal crime[]." We do not address this issue here because a new removal hearing is required. On remand, Zamudio–Pena and the Agency may revisit this issue.