**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50483 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-04290-JM-1 |
| v. | |
| DANIEL ESTRADA ROSAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Argued and Submitted August 6, 2012
Pasadena, California

Before: REINHARDT, SILVERMAN, and NGUYEN, Circuit Judges.

Daniel Estrada Rosas ("Estrada") appeals the district court's denial of his

motion to dismiss an indictment charging him with illegal reentry after deportation

in violation of 8 U.S.C. § 1326. Estrada argues that his underlying March 2002

removal proceeding was invalid due to a number of due process violations. That

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

removal later formed the basis for the 2006 reinstatement of removal upon which Estrada's § 1326 conviction is predicated. Estrada also appeals the district court's denial of his motion for reconsideration based on an allegation that he received ineffective assistance of counsel at his January 2002 removal hearing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

"We review de novo the district court's denial of a motion to dismiss a § 1326 indictment, where the motion is based on alleged due process defects in an underlying deportation proceeding." *United States v. Gonzalez*, 429 F.3d 1252, 1255 (9th Cir. 2005) (quoting *United States v. Muro-Inclan*, 249 F.3d 1180, 1182 (9th Cir. 2001)). A district court's denial of a motion for reconsideration is reviewed for abuse of discretion. *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 661 (9th Cir. 1999)).

The gravamen of Estrada's due process argument is that the Immigration Judge ("IJ") presiding over his March 2002 removal hearing failed to provide him with adequate notice regarding the availability of voluntary departure as a possible form of relief from removal. Specifically, Estrada contends that the IJ failed to explain the requirements for voluntary departure, failed to provide time for Estrada to gather evidence to support his request for voluntary departure, and failed to

appropriately balance the positive and negative factors before denying Estrada voluntary departure and ordering him removed.

However, even assuming that these purported due process violations occurred, Estrada cannot successfully attack his § 1326 conviction because he fails to establish prejudice. *See Muro-Inclan*, 249 F.3d at 1184 ("When a petitioner moves to dismiss an indictment under 8 U.S.C. § 1326 based on a due process violation in the underlying deportation proceeding, he must show prejudice resulting from the due process violation. To establish prejudice, petitioner does not have to show that he actually would have been granted relief . . . [but] must only show that he had a 'plausible' ground for relief from deportation.") (citation and quotation marks omitted); *see also United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1056 (9th Cir. 2003) (finding that "if [the petitioner] is barred from receiving relief, his claim is not 'plausible'").

Under 8 U.S.C. § 1229c(c), "[t]he Attorney General shall not permit an alien to depart voluntarily . . . if the alien was previously permitted to so depart after having been found inadmissible under section 1182(a)(6)(A) of this title." Here, Estrada's counsel conceded his inadmissibility at the January 2002 hearing and did

not challenge the removal order.[1]  Having received voluntary departure in January 2002, Estrada was ineligible for a second voluntary departure in March 2002.  *See* 8 U.S.C. § 1229c(c).  Because the record indicates that Estrada did not qualify for voluntary departure, he was not prejudiced by the IJ's purported failure to apprise him of its existence.  *See United States v. Jimenez-Borja*, 378 F.3d 853, 859 (9th Cir. 2004) (citing *Shooshtary v. INS*, 39 F.3d 1049, 1051 (9th Cir. 1994)).  Estrada's remaining due process claims are unpersuasive, and in any event, are similarly unsupported by a showing of prejudice.  Accordingly, we affirm the district court's denial of Estrada's motion to dismiss the indictment.

Estrada also argues that the district court erred in denying his motion for reconsideration, which was based on a claim of ineffective assistance of counsel at the January 2002 hearing.  Specifically, Estrada contends that his attorney committed malpractice at his January 2002 hearing by conceding Estrada's inadmissibility despite Estrada's participation in the FUP.  However, Estrada fails to establish that counsel's concession of inadmissibility in January 2002 was

---

[1] Estrada contends that he was not "inadmissible" in January 2002 by virtue of his participation in the Family Unity Program ("FUP") and should not have been granted voluntary departure at that hearing.  However, Estrada's counsel never contested the validity of the January 2002 voluntary departure order.  According to the record in March 2002, Estrada had been granted voluntary departure in January after being found "inadmissible" under 8 U.S.C. § 1182(a)(6)(A)(i) and then returned to the country without inspection.

4

objectively unreasonable. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984) ("When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness."). As the district judge properly held, counsel could not reasonably have been expected to foresee our later precedent suggesting that individuals in the FUP are "admitted" for at least some purposes. *See Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1020 (9th Cir. 2006). Therefore, the district court did not abuse its discretion in denying Estrada's motion for reconsideration.

**AFFIRMED.**