**NOT FOR PUBLICATION**

FILED

MAR 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10414 |
| Plaintiff - Appellee, | D.C. No. 3:96-cr-00094-MHP-7 |
| v. | |
| HOANG AI LE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Submitted March 14, 2011[**]
San Francisco, California

Before: PAEZ, BERZON, and BEA, Circuit Judges.

Hoang Ai Le ("Le") appeals the 240-month sentence imposed by the district

court. We have jurisdiction over this appeal pursuant to 18 U.S.C. § 3742(a), and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

we affirm.[1]

The district court did not abuse its discretion in determining the sentence imposed by failing to consider a yet-to-be-imposed sentence in another prosecution pending in the Eastern District of California. A sentence imposed by a district court "must be sufficient, but not greater than necessary, to comply with the purposes of punishment." *United States v. Crowe*, 563 F.3d 969, 977 (9th Cir. 2009); 18 U.S.C. § 3553(a). A possible future sentence does not fit squarely within any of the factors listed in 18 U.S.C. § 3553(a) which district courts must consider during sentencing.

Moreover, from a practical standpoint, it is impossible for a district court to consider during sentencing in one case a sentence in another case which has yet to be handed down. The district court would have had to make an educated guess as to what the subsequent sentence in the Eastern District would be, including whether that sentencing judge would run the sentence concurrent or consecutive to the subject sentence. Educated guesses do not comply with the district court's evidentiary standard of proof. *See United States v. Treadwell*, 593 F.3d 990, 1000 (9th Cir. 2010) ("Ordinarily, a district court uses a preponderance of the evidence

---

[1] Because the parties are familiar with the facts, we recite them here only as necessary.

2

standard of proof when finding facts at sentencing . . . .").  Indeed, in this case Le was facing a maximum of 40 years (480 months) in the Eastern District, but was sentenced to only 340 months in prison—a difference of over 11 years.  If the district court had taken into consideration the possible 40-year sentence in the Eastern District, it may well have under-sentenced Le in the current case by over a decade.  Further, any number of contingencies could have affected Le's future sentence in the Eastern District—for example, Le could have successfully argued for downward departures in sentencing memoranda before that court.  None of these contingencies could be known to the district court in this case at the time of sentencing, and thus the district court did not abuse its discretion in refusing to consider this future sentence.

Punishing Le for both conspiracy in this case, and for an attempted robbery in the Eastern District case which was part of the conspiracy here, is not "double counting."  This court has previously held that "[a] substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes."  *United States v. Saccoccia*, 18 F.3d 795, 798 (9th Cir. 1994).  For the same reason, the district court did not "double count" in sentencing Le on the conspiracy charge despite a pending sentence on the attempted robbery charge.  Moreover, the district court in this case explicitly stated that the DFI robbery—the

3

basis of the Eastern District attempted robbery case—"was not something that really played a role in the sentence that was imposed in this case." Thus, even if "double counting" could somehow be considered an abuse of discretion, no such double counting took place in this case.

**AFFIRMED.**