

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30263 |
| Plaintiff - Appellee, | D.C. No. 9:14-cr-00027-DLC-7 |
| v. | |
| DAVID WOODS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Submitted June 6, 2016[**]
Seattle, Washington

Before: PAEZ and BYBEE, Circuit Judges and TIGAR,[***] District Judge.

Defendant-Appellant David Woods appeals the district court's denial of his

motion to dismiss the indictment on double jeopardy grounds. "We review *de*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jon S. Tigar, District Judge for the U.S. District Court
for the Northern District of California, sitting by designation.

*novo* a district court's denial of a motion to dismiss the indictment on double jeopardy grounds." *United States v. Bates*, 917 F.2d 388, 392 (9th Cir. 1990). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

First, the successive prosecution of charges in two separate venues which "involve distinct transactions occurring at different times" does not violate the Double Jeopardy Clause. *United States v. Saccoccia*, 18 F.3d 795, 799 (9th Cir. 1994). Here, no double jeopardy violation occurred because Woods' convictions in the Western District of New York and the District of Montana involved his participation in two different online child pornography bulletin boards, and Woods has not shown these boards were related in any way.

Second, even assuming that the prosecutions in Montana and New York involved the same acts or transactions, "[a] substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes." *Saccoccia*, 18 F.3d at 798 (citing *United States v. Felix*, 503 U.S. 378, 389 (1992)). Therefore, no double jeopardy violation occurred for the additional reason that Woods pleaded guilty to distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) in the Western District of New York, while he pleaded guilty to *conspiracy* to advertise child pornography in violation of 18 U.S.C. §§ 2251(d) & (e) in the District of Montana.

**AFFIRMED.**